IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| VALERIE WALKER, § <br> § <br> Plaintiff, § <br> v. §    Civil Action No. 4:18-cv-00052 <br> § <br> ATLAS OIL COMPANY, § <br> § <br> § <br> Defendant. § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), Defendant ATLAS OIL COMPANY TRANSPORTATION, INC.[1], improperly named as ATLAS OIL COMPANY, ("Atlas" and/or "Defendant") hereby files this Notice of Removal to the U.S. District Court for the Western District of Texas, Pecos Division, for the civil action filed in the 143rd Judicial District of Reeves County, Texas, styled *Valerie Walker v. Atlas Oil Company*, Cause No. 18-09-22619-CVR, upon showing that all prerequisites for removal are satisfied, as follows:

### I.  INTRODUCTION

1. On or about September 26, 2018, Plaintiff Valerie Walker ("Plaintiff") filed her Original Petition against Defendant Atlas Oil Company in the 143rd Judicial District Court of Reeves County, Texas, Cause No. 18-09-22619-CVR, styled *Valerie Walker v. Atlas Oil Company*.

2. Plaintiff alleges claims, under Chapter 21 of the Texas Labor Code, of sex discrimination, sexual harassment, and retaliation. Attached to Plaintiff's Original Petition is

---

[1] Defendant was improperly named in this lawsuit. Plaintiff named "Atlas Oil Company" as the Defendant in her cause of action. However, the proper name for Defendant is "Atlas Oil Transportation, Inc."

Plaintiff's Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC").  *See* Exhibit A.  This Notice was issued at Plaintiff's request.

3.Defendant Atlas was served with Plaintiff's Original Petition on November 1, 2018. Defendant is represented by the undersigned counsel.  Accordingly, this Notice of Removal is timely filed within thirty (30) days of service on Defendant Atlas under 28 U.S.C. § 1446(b).

4.This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

## II.DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIMS

5.Defendant does not admit, and will contest, if necessary and at the appropriate time, the various allegations in Plaintiff's Original Petition. By filing this Notice of Removal, Defendant does not waive any defenses, objections, or counterclaims which may be available to it or which may be asserted in an answer or other pleadings filed in response to Plaintiff's Original Petition.

## III.GROUNDS FOR REMOVAL

**A.*Defendant Has Met the Requirements for Removal.***

6.Defendant's removal is timely, as required under 28 U.S.C. § 1446(b).  As previously stated, Defendant Atlas was served on November 1, 2018.  Defendant timely filed this Notice of Removal within 30 days of the date of service of the petition from the state court proceeding. Defendant files this Notice of Removal subject to and without waiving any defenses or objections to Plaintiff's Original Petition allowed under the Federal Rules of Civil Procedure.

7.Venue is proper in this Court because Plaintiff filed her Original Petition in the 143rd Judicial District Court of Reeves County, Texas.  The United States District Court for the

Western District of Texas, Pecos Division is the federal judicial district embracing the state court where Plaintiff filed her Original Petition. Therefore, venue is proper in this Federal District Court under 28 U.S.C. § 1441(a) and 1446(a).

8. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as Exhibit A, a copy of all process, pleadings, and orders served upon Defendant in the referenced state court proceeding, as well as all state court documents. Defendant has complied with the Western District of Texas's Local Rules for removal by providing the requisite attachments and will give notice to the state court regarding removal. A copy of the written notice is attached hereto as Exhibit B.

**B.** *There is Diversity Jurisdiction.*

**1.** *The Amount in Controversy Exceeds $75,000.*

9. Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332 because "[t]he amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000 per Complainant."

10. Plaintiff's Original Petition states that she seeks "monetary relief of $100,000 but not more than $200,000." *See* Exhibit A, Plaintiff's Original Petition at ¶ 5. Where a plaintiff explicitly stipulates a sum that exceeds the required amount in controversy, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

11. Because Plaintiff seeks relief in an amount that exceeds $75,000, as stated plainly in her Original Petition, the amount-in-controversy requirement has been satisfied.

**2.** *There is Complete Diversity of Citizenship Between Plaintiff and Defendant.*

12. There is complete diversity of citizenship between the parties.

13. In her Original Petition, Plaintiff states that she is an "individual whose address is PO Box 1170 Monahans, Texas 79756." *See* Exhibit A, Plaintiff's Original Petition at ¶ 2.

Defendant alleges that Plaintiff is a citizen and domiciliary of the State of Texas. Nothing in the Original Petition or other pleadings suggests otherwise. Furthermore, a diligent search of public records shows that Plaintiff is a resident of the State of Texas.

14. Plaintiff's Original Petition also admits that Defendant is a "Nonresident Corporation." *See* Plaintiff's Original Petition at ¶ 3. Defendant was incorporated in and has its principal place of business in the State of Michigan. Specifically, Defendant is a Michigan corporation with its principal place of business at 24501 Ecorse Rd., Taylor, Michigan 48180. *See* Exhibit C, Secretary of State Records.[2] Accordingly, Defendant is not a citizen of the State of Texas and is diverse from Plaintiff.

15. Based on the allegations in Plaintiff's complaint, this Court has original jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Therefore, removal from state court to this Federal Court is appropriate. And given that there is complete diversity between the parties, this Court has jurisdiction over Plaintiff's causes of action pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441.

## IV. JURY DEMAND AND NOTICE OF FILING OF NOTICE OF REMOVAL

16. Upon filing of the Notice of Removal, written notice of the filing shall be forwarded to all parties of record in accordance with 28 U.S.C. § 1446(d). Notice of Filing of Notice of Removal to the United States District Court for the Western District of Texas, Pecos Division, will be sent to the clerk of the 143rd District Court of Reeves County, Texas.

17. Plaintiff demanded a jury in the state court action.

---

[2] Defendant requests this Honorable Court take judicial notice of the public records evidencing state of incorporation and principal place of business.

## V.   PRAYER

WHEREFORE, premises considered, Defendant prays that further proceedings in the 143rd Judicial District Court of Reeves County, Texas be discontinued, that this action be recognized as removed and pending on the docket of this Honorable Court in the Western District of Texas, Pecos Division, and that this Court enter any and all necessary orders or process so that this lawsuit may proceed as if it was originally commenced in this Court.

Respectfully submitted,

**THE MYERS LAW GROUP, LLP**

By:  */s/ Angella H. Myers*
Angella H. Myers
Texas Bar No. 24027229
amyers@myerslawllp.com
Janice S. Parker
Texas Bar No. 15488050
jparker@myerslawllp.com
Kathleen Cruz
Texas Bar No. 24097553
kcruz@myerslawllp.com

8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
Telephone:  (972) 781-2400
Facsimile:   (972) 781-2401

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of this pleading was served upon all counsel via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [√] email, [√] Notice of Electronic Court Filing on this **21st** day of **November**, **2018**.

Katherine Britton
Texas Bar No. 24090010
kbritton@protonmail.com
1800 Main Street, #1802
Dallas, Texas 75201
Tel. (214) 475-2810

*Counsel for Plaintiff*

 */s/ Angella H. Myers*
Angella H. Myers